**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS GREUEL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-14-303-RAW |
| | ) |
| THE CONTINENTAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court are the cross-motions of the parties for summary judgment. A lawsuit was filed in the District Court of Muskogee County, State of Oklahoma, CJ-2010-736. Plaintiffs sued Sludge Technology, Inc. ("STI") and other defendants for wrongful disposal of municipal sewage sludge and allowing the same to trespass upon plaintiffs' properties and causing a nuisance. STI was an insured of Continental Insurance Company ("Continental") under a Commercial General Liability insurance policy. At trial, the jury rendered a verdict in favor of the plaintiffs and against defendant STI.[1] On February 13, 2013, the district court entered its Order of Judgment awarding the plaintiffs $148,000.00 in actual damages and $80,000.00 in punitive damages. Thereafter, on October 17, 2013, the district court awarded plaintiffs an additional $393, 474.51 in attorney's fees and costs. On June 26, 2014, plaintiffs then filed a post-judgment garnishment affidavit seeking from

---

[1]No defendant other than STI was found liable to plaintiffs.

Continental the amount of the judgment. Continental removed the action to this court on August 6, 2014.[2]

Summary judgment is appropriate only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Rule 56(a) F.R.Cv.P. The court views all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Wahlcometroflex, Inc. v. Westar Energy, Inc.*, 773 F.3d 223, 226 (10th Cir.2014). Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another. *Ultra Clean Holdings, Inc. v. TFG-California, L.P.*, 534 Fed.Appx. 776, 780 (10th Cir.2013). When the parties file cross-motions for summary judgment, the court is entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts. *Id.*

The parties agree that Oklahoma law governs the interpretation of the policy at issue. (#15 at 2); (#21 at 15); (#22 at 6). The insured has the burden of showing that a covered loss has occurred, while the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy. *Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, 1298 (10th Cir.2000). The interpretation of an insurance policy, including whether the

---

[2] A garnishment action is a distinct civil action under both federal and Oklahoma law, and a garnishment proceeding initiated in Oklahoma state court may be removed to federal court where the requirements of diversity jurisdiction are otherwise satisfied. *Thames v. Evanston Ins. Co.*, 2014 WL 991722, *2 (N.D.Okla.2014). Moreover, an action of this type is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1) and does not violate Oklahoma's prohibition on direct actions against insurers. *Id.* at *3.

policy is ambiguous, is a matter of law. *VBF, Inc. v. Chubb Grp. of Ins. Cos.,* 263 F.3d 1226, 1230-31 (10th Cir.2001). Insurance contracts are interpreted in accordance with principles applicable to all contracts. *Mansur v. PFL Life Ins. Co.,* 589 F.3d 1315, 1319 (10th Cir.2009). Oklahoma has adopted the reasonable expectations doctrine, which permits consideration of an insured's reasonable expectation of coverage, but only if the policy language is ambiguous. *Morrison v. Stonebridge Life Ins. Co.,* 2015 WL 137261, *4 (W.D.Okla.2015).

The work project which was the subject of the underlying lawsuit took place between August 31, 2009 and September 9, 2009. It is not disputed that the pertinent insurance policy (#21-3) was in effect at the time. Continental denied coverage by letter dated November 25, 2009 (#22-9).[3] The letter cited the "pollution exclusion" language of the policy, but stated that it was "not intended to be inclusive of all potential reasons for which coverage may be unavailable for this claim," reserving the right to modify the coverage determination upon receipt of additional information.

The court first addresses an argument which it does not accept. A substantial portion of Continental's supporting brief is taken up with the following contentions. On the verdict form (#21-8), the jury found by clear and convincing evidence both that STI acted in restless disregard of the rights of others and that STI acted intentionally and with malice toward others. Continental argues that the finding of malice demonstrates that the injury which was litigated was not caused by an "accident" within the meaning of the policy. The court agrees

---

[3]Another denial letter is dated January 19, 2011. (#21-10).

3

with plaintiffs that Continental "has no authority for the proposition that an award of punitive damages defeats insurance coverage completely." (#26 at 10).[4]

Indeed, in *Oregon Insurance Guaranty Assoc. v. Thompson,* 760 P.2d 890 (Or.Ct.App.1989) the court rejected a similar argument, saying "[a]lthough an insurer has a duty to defend only if the claim is covered by the policy, the duty is derived from the allegations in the complaint, not by the eventual verdict." *Id.* at 893 n.5. "To allow an insurer to withhold a defense until the question of coverage is resolved by the verdict would render the duty to defend illusory." *Id. See also Honeywell v. GADA Builders, Inc.,* 271 P.3d 88, 97 (Okla.Ct.App.2011)("If the plaintiff states a claim against the insured that is potentially covered by the insurance contract, the insurer's duty is triggered.").

This contention aside, the parties present arguments around the central issues of (1) the existence of a "certificate of insurance" and (2) the language of the pollution exclusion itself. "An ACORD Certificate of Insurance is a standard form widely used in the insurance industry." *True Oil Co. v. Mid-Continent Cas. Co.,* 173 Fed.Appx. 645, 648 n.2 (10th Cir.2006). Generally, it is a form completed by an insurance broker at the request of an insurance policyholder, and is a document evidencing the fact that an insurance policy has

---

[4] Because of the structure of the verdict form, the jury was able to find both that STI acted in reckless disregard of the rights of others and intentionally and with malice toward others. The amount of punitive damages the jury awarded, however, ($80,000 in aggregate), was within the range permitted by 23 O.S. §9.1(B) for Category I punitive damages, which requires only a "reckless disregard" finding. Therefore, there was no incentive on the part of the parties at trial to challenge the "intentionally and with malice" finding. Plaintiffs represent that "no evidence of malice or intent on behalf of STI was presented at trial." (#26 at 6, ¶34), but do not state any party objected to that portion of the verdict form before submission to the jury. This court finds the verdict form ambiguous at best, and declines to grant this aspect of Continental's motion on that ground as well.

been written and includes a statement of the coverage of the policy in general terms. *Marlin v. Wetzel County Bd. of Educ.,* 569 S.E. 2d 462, 470 (W.Va.2002). Such a certificate (#22-5) was issued in this case, dated September 28, 2009.

This certificate does not state "the coverage of the policy in general terms," but is more narrow. Under "Description of Operations," the document refers to "Project No: 2009038 – "Sludge Removal, hauling & disposal." It additional states "This certificate is issued as matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." Plaintiffs argue that language in the certificate created an ambiguity regarding the pollution exclusion, in that the certificate specifically states there is coverage for sludge disposal.

The court disagrees. First, the certificate indicates it was issued to the City of Muskogee, not the insured STI. Additionally, while the certificate does list the policy number of Continental's general liability policy, it also lists the numbers of other insurance policies. Moreover, the document lists the "insurers affording coverage" as Continental Casualty Company and Stonetrust Commercial Insurance, not Continental Insurance Company. Also, plaintiffs have not proven that "Project No. 2009038" was in fact the project which was the subject of the underlying lawsuit. Finally, the certificate is dated 9/28/09, which is <u>after</u> the pertinent project.

The court now turns to the pollution exclusion itself. To summarize the policy language, the exclusion applies if the claim involves "bodily injury" or "property damage"

5

arising out of the actual or alleged discharge of "pollutants" (1) from any site used by any insured for the disposal, processing or treatment of waste; (2) which were at any time transported, treated, disposed of, or processed as waste by any insured; or (3) from any site on which any insured is performing operations if the "pollutants" are brought to the site in connection with such operations. The term "pollutants" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

An identical exclusion was found unambiguous in *Certain Underwriters at Lloyds London v. B3, Inc.,* 262 P.3d 397 (Okla.Civ.App.2011). As in that case, the plaintiffs in the underlying lawsuit here contended that the runoff on their land originated as human waste and contained bacteria, parasites, human waste, chemicals and heavy metals. (#21, Statement of undisputed facts at ¶¶8, 15 & 20-21).[5]

Plaintiffs contend that section (1)(a)(ii) under the pollution exclusion provides an exception to allow coverage in situations where (1) the insured is a "contractor"; (2) the "owner or lessee" of the premises where the disposal occurred as added as an additional insured; and (3) the contractor "is not and never was" an owner of the premises. The court again disagrees. First of all, even if this exception applies, it is only an exception to section 1(a) of the pollution exclusion. In its reply (#27 at 7) Continental disavows reliance upon section 1(a) and emphasizes its reliance upon sections 1(b), 1(c) and 1(d). The court finds

---

[5] These facts are not disputed by plaintiffs in their response (#26) with the slight exception of ¶21. The court does not find the dispute raised by plaintiff to constitute a genuine issue of material fact.

those additional subsections applicable to exclude coverage. Further, the court agrees with Continental that plaintiffs have not provided sufficient factual support for their contentions that the City of Muskogee was an additional insured under the policy and leased the land from Dan Leatherman.

Although not citing the case, plaintiffs (as Continental notes) present an argument somewhat analogous to *Hoar v. Aetna Casualty & Surety Co.,* 968 P.2d 1219 (Okla.1998). There, the court held that Aetna was precluded from denying coverage because the Competitive Bidding Act of 1974 (61 O.S. §101 *et seq.*), provides that no work shall be commenced until a written contract has been executed and all required bonds and insurance have been provided by the contractor to the awarding public agency. *Id.* at 1221. The pertinent statutory language presently reads "No work shall be commenced on any construction contract until a written contract is executed and proof of insurance has been provided by the contractor to the awarding public agency." 61 O.S. §103(D). Thus, plaintiffs argue that STI was under a statutory – as well as a contractual – duty to acquire insurance to cover its sludge disposal operations.

Again, the court declines to accede to this position. The Oklahoma Attorney General has stated that "[t]he issue of whether a contract for solid waste collection and disposal services has previously been decided in Attorney General Opinion 97-79 which stated that '[a] contract for the provision of solid waste collection and disposal obviously does not involve 'construction.'" A.G. Opinion 97-47, 1997 WL 718676 (Okla.A.G.). Such opinions

7

are persuasive authority. *Tulsa Fire Fighters Ass'n v. City of Tulsa,* 834 F.Supp. 2d 1277, 1290 (N.D.Okla.2011); *Trentham v. Issacs,* 324 P.3d 425, 428 n.3 (Okla.Civ.App.2013). Inasmuch as (in this court's view) this case did not involve a construction contract, the court finds that the Competitive Bidding Act of 1974 does not apply. Accordingly, based upon the unambiguous policy, summary judgment in defendant's favor is appropriate.

It is the order of the court that the motion of the plaintiffs/judgment creditors for summary judgment (#22) is hereby denied. The motion of Continental Insurance Company for summary judgment (#21) is hereby granted.

Dated this 29th day of September, 2015.

**Dated this 29th day of September, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma